Hornblower, C. J.
delivered the opinion of the Court.
The cause was tried before the Justice on the fifth of October, 1835. The Jury after about three hours consultation, being unable to agree on a verdict, the Justice, without the consent of the defendant, and in his absence, discharged the jury, adjourned the cause to the 12th day of October, and issued a venire de novo returnable on that day; of this proceeding, no notice was given to the defendant until the 10th of October, which was only two days previous to the return of the second venire. On the second trial, the Jury rendered a verdict for Van Tilburgh the plaintiff below. Gulick the plaintiff in Certiorari complains of these proceedings as erroneous, and seeks a reversal.
*418 That the Court for the trial of small causes, has the right: and that it is its duty under proper circumstances to discharge a Jury, I tnink cannot be denied. But, it is a power to be exercised with great caution, and not until every reasonable hope of an agreement among the Jurors, has vanished. Two or three hours consultation is not enough to justify that, or any other Court, without the consent of parties, to discharge a Jury, and leave the matter open to further litigation. The Jury ought to be kept together until the confinement and privations they have endured, are such as to satisfy the Court, that their disagreement is not the result of mere trick or obstinacy in some of the Jurors, but a conscientious difference of opinion, honestly and intelligently adhered to, and which compels them rather to suffer the inconvenience and privations of a Jury room, than to yield up to their associates..
But if two or three hours obstinacy or perverseness, it may be, of one or two Jurors only, is to justify the Court in discharging the Jury and summoning another, it would destroy the usefulness of trial by Jury, render it extremely inconvenient and expensive to parties, and odious, because oppressive to the public. I think therefore, the Justice did not exercise a sound and lawful discretion in this case. If however, the subsequent proceedings were correct, I am not prepared to say, that this Court ought to reverse the judgment finally entered, because the Justice prematurely discharged the first Jury. But in my opinion, all the subsequent proceedings in the cause, were irregular and without legal authority. When a cause has once been brought to a trial before a Justice, and the case submitted to a Jury, the Justice cannot afterwards grant another trial in that same cause. If the Jury cannot agree upon a verdict, they may after a proper time, be dismissed by the Justice, but there ends his jurisdiction in that cause. He ought to record the fact, and dismiss the suit ; leaving the plaintiff at liberty to commence de novo. The Justice’s jurisdiction is a special and limited one. Every cause brought in his Court must be tried within thirty days after the r jturn of the summons, unless by the consent of parties, or under other circumstances' specially provided for by the statute. But there is no provision in the act, authorizing the Justice to issue a venire de novo, in a case like this. It is better for the ends of *419 justice, that the cause should be considered out of Court, and the plaintiff begin again, than by construction, to give the Justice power to continue the canse, and compel a party to come to a second trial, as was done in this instance, upon two days notice only. In my opinion, therefore, the judgment must be reversed.
Ford, White, and Dayton, Justices, concurred. Eyerson, Justice, absent.
Judgment reversed,
Cited in Waddell v. Physick, 2 Harr. 332.